## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF OHIO
## WESTERN DIVISION

| | | |
|---|---|---|
| **PALADIN HOMELAND SECURITY HOLDINGS LLC**, | : | Case No. 10-cv-02285 |
| | : | |
| Plaintiff, | : | |
| | : | |
| vs. | : | JUDGE JACK ZOUHARY |
| | : | |
| **AGREX, INC.,** *dba* **FGDI**, | : | |
| | : | |
| Defendant and Third-Party Plaintiff, | : | |
| | | |
| vs. | : | |
| | | |
| **SUNTRUST BANK** | : | |
| 303 Peachtree Street NE | | |
| Atlanta, GA 30308-3201 | : | |
| | | |
| AND | : | |
| | | |
| **FARM CREDIT BANK OF TEXAS** | : | |
| 4801 Plaza on the Lake | | |
| Austin, Texas 78746-1073 | : | |
| | | |
| AND | : | |
| | | |
| **ING USA ANNUITY AND LIFE INSURANCE COMPANY** | : | |
| 5780 Powers Ferry Rd., NW | : | |
| Atlanta, GA 30327 | | |
| | : | |
| AND | | |
| | : | |
| | | |
| **ING LIFE INSURANCE AND ANNUITY COMPANY** | : | |
| 4151 Executive Parkway | : | |
| Westerville, OH 43081-3867 | | |

|                                    |   |
|------------------------------------|---|
| AND                                | : |
|                                    | : |
| **MASS MUTUAL LIFE INSURANCE**     |   |
| **COMPANY**                        | : |
| 470 Park Avenue South              |   |
| New York, New York  10016-6819     | : |
|                                    |   |
| AND                                | : |
|                                    |   |
| **BABSON MID-MARKET CLO,**         | : |
| **LTD. 2007-II**                   |   |
| 470 Independence Wharf             | : |
| Boston, MA 02210-2208              |   |
|                                    | : |
| AND                                | : |
|                                    | : |
| **ALLIED IRISH BANKS, P.L.C**      |   |
| 405 Park Avenue, FL 2              | : |
| New York, NY 10022-9428            |   |
|                                    | : |
| AND                                | : |
|                                    |   |
| **ERSTE GROUP BANK AG**            | : |
| 280 Park Avenue LBBY 1             |   |
| New York, NY 10017-1216            | : |
|                                    |   |
| Third-Party Defendants             | : |

## ANSWER AND THIRD-PARTY COMPLAINT OF DEFENDANT AGREX, INC., *DBA* FGDI, AGAINST SUNTRUST BANK, FARM CREDIT BANK OF TEXAS, ING USA ANNUITY AND LIFE INSURANCE COMPANY, ING LIFE INSURANCE AND ANNUITY COMPANY, MASS MUTUAL LIFE INSURANCE COMPANY, BABSON MID-MARKET CLO, LTD. 2007-II, ALLIED IRISH BANKS, P.L.C., AND ERSTE GROUP BANK AG

Defendant Agrex, Inc., *dba* FGDI ("Defendant"), by and through its counsel,

hereby answers Plaintiff Paladin Homeland Security Holdings, LLC's ("Plaintiff")

Complaint for Damages as follows:

2

## INTRODUCTION

1.      Defendant denies the averments contained in Paragraph 1 of Plaintiff's Complaint.

2.      Defendant admits the averments contained in Paragraph 2 of Plaintiff's Complaint.

3.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 3 of Plaintiff's Complaint and therefore denies same.

4.      Defendant denies the averments contained in Paragraph 4 of Plaintiff's Complaint.

## PARTIES

5.      Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 5 of Plaintiff's Complaint and therefore denies same.

6.      Defendant admits the averments contained in Paragraph 6 of Plaintiff's Complaint.

7.      Defendant admits the averments contained in Paragraph 7 of Plaintiff's Complaint to the extent said allegations assert that GOE Lima LLC maintained its principal place of business in Lima, Ohio, but Defendant denies the remainder of said allegations.

## JURISDICTION AND VENUE

8.      The averments of Paragraph 8 of Plaintiff's Complaint state legal conclusions to which Defendant need not respond.

9.     The averments of Paragraph 9 of Plaintiff's Complaint state legal conclusions to which Defendant need not respond.

## FACTS

10.     In response to averments contained in Paragraph 10 of Plaintiff's Complaint, Defendant admits that Defendant and GOE Lima LLC entered into a Grain Origination Agreement and that Exhibit A to Plaintiff's Complaint is a copy of said agreement, but Defendant denies the remainder of the averments contained in Paragraph 10 of Plaintiff's Complaint to the extent said averments go beyond the terms set forth the Grain Origination Agreement.

11.     Defendant admits that the Grain Origination Agreement contains a paragraph 4(c), but denies the averments contained in Paragraph 11 of Plaintiff's Complaint to the extent said averments go beyond the terms set forth in the Grain Origination Agreement.

12.     Defendant admits the averments contained in Paragraph 12 of Plaintiff's Complaint.

13.     Defendant denies the averments contained in Paragraph 13 of Plaintiff's Complaint.

14.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies same.

15.     Defendant denies the averments contained in Paragraph 15 of Plaintiff's Complaint.

16.     Defendant admits the averments contained in Paragraph 16 of Plaintiff's Complaint to the extent that Defendant was named as a beneficiary of the document

attached as Exhibit B to Plaintiff's Complaint. Answering further, Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies same.

17.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies same.

18.     Defendant admits that the Grain Origination Agreement contains a paragraph 15(c), but denies the averments contained in Paragraph 18 of Plaintiff's Complaint to the extent said averments go beyond the terms set forth in the Grain Origination Agreement.

19.     Defendant denies the averments contained in Paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits the averments contained in Paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the averments contained in Paragraph 21 of Plaintiff's Complaint.

22.     Defendant admits that it received funds from GOE Lima LLC during October 2008, but denies the remainder of the averments contained in Paragraph 22 of Plaintiff's Complaint.

23.     Defendant admits to receiving the documents Plaintiff identified as Priced Purchase Contract Confirmations numbered 1105, 1106, 1107, 1109, 1111, and 1112. Answering further, Defendant denies the remaining allegations contained in Paragraph 23 of Plaintiff's Complaint.

24.     Defendant admits to receiving two Priced Purchase Contract Confirmations that were dated October 29, 2008. Answering further, Defendant denies for lack of knowledge or information sufficient to form a belief the remaining allegations contained in Paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits it received wire transfers from GOE on October 31, 2008, and November 4, 2008, totaling $600,000. Answering further, Defendant denies the remaining allegations contained in Paragraph 25 of Plaintiff's Complaint.

## FIRST CLAIM FOR RELIEF

### (Breach of Contract)

26.     Defendant repeats and re-avers paragraphs 1 through 25 hereof in response to the averments set forth in Paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the averments contained in Paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the averments contained in Paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the averments contained in Paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the averments contained in Paragraph 30 of Plaintiff's Complaint.

31.     Defendant denies the averments contained in Paragraph 31 of Plaintiff's Complaint.

32.     Defendant lacks knowledge of information sufficient to form a belief as to the truth of various averments contained in Paragraph 32 of Plaintiff's Complaint and therefore denies same.

33.     Defendant denies the averments contained in Paragraph 33 of Plaintiff's Complaint.

**SECOND CLAIM FOR RELIEF**

**(False Statements)**

34.     Defendant repeats and re-avers paragraphs 1 through 33 hereof in response to the averments set forth in Paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations of Paragraph 35 of Plaintiff's Complaint in that said allegations fail to fully and accurately describe the terms under which payments were to made pursuant to the Letter of Credit and the Grain Origination Agreement.

36.     Defendant denies the averments contained in Paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the averments contained in Paragraph 37 of Plaintiff's Complaint.

38.     Defendant lacks knowledge of information sufficient to form a belief as to the truth of various averments contained in Paragraph 38 of Plaintiff's Complaint and therefore denies same.

39.     Defendant denies the averments contained in Paragraph 39 of Plaintiff's Complaint.

## THIRD CLAIM FOR RELIEF

### (Negligent Misrepresentation)

40.     Defendant repeats and re-avers paragraphs 1 through 39 hereof in response to the averments set forth in Paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the averments contained in Paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the averments contained in Paragraph 42 of Plaintiff's Complaint.

43.     Defendant lacks knowledge of information sufficient to form a belief as to the truth of various averments contained in Paragraph 43 of Plaintiff's Complaint and therefore denies same.

44.     Defendant denies the averments contained in Paragraph 44 of Plaintiff's Complaint.

45.     Defendant denies each and every allegation of Plaintiff's Complaint not heretofore expressly admitted.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

46.     Plaintiff's claims are barred in whole or in part by the applicable statutes of limitations and/or repose.

### Second Affirmative Defense

47.     Plaintiff's claims are barred in whole or in part by the doctrines of laches, waiver, estoppel, unclean hands, res judicata and/or collateral estoppel.

### Third Affirmative Defense

48.     Plaintiff's Complaint fails to state a claim upon which relief may be granted.

### Fourth Affirmative Defense

49.     Plaintiff lacks the proper standing to assert the claims made in its Complaint.

### Fifth Affirmative Defense

50.     This Court lacks jurisdiction over the subject matter of Plaintiff's Complaint.

### Sixth Affirmative Defense

51.     Plaintiff has failed to join all necessary parties and/or indispensible parties pursuant to the Federal Rules of Civil Procedure.

### Seventh Affirmative Defense

52.     Plaintiff's claims to the extent said claims involve disagreements or disputes arising under or related to the Grain Origination Agreement (including any statutory or tort claims) are and/or were subject to compulsory arbitration pursuant to Section 27 of the Grain Origination Agreement.

### Eighth Affirmative Defense

53.     Defendant reserves the right to assert any and all affirmative defenses which discovery proceedings may hereafter reveal to be appropriate.

### THIRD-PARTY COMPLAINT OF DEFENDANT AGREX, INC., *DBA* FGDI AGAINST SUNTRUST BANK, FARM CREDIT BANK OF TEXAS, ING USA ANNUITY AND LIFE INSURANCE COMPANY, ING LIFE INSURANCE AND ANNUITY COMPANY, MASS MUTUAL LIFE INSURANCE COMPANY, BABSON MID-MARKET CLO, LTD. 2007-II, ALLIED IRISH BANKS, P.L.C., AND ERSTE GROUP BANK AG

1.     Third-Party Plaintiff was the beneficiary under an Irrevocable Standby Letter of Credit No. SVBSF005418 in the amount of $2,000,000 issued by Silicon Valley Bank ("SVB Letter of Credit"). The SVB Letter of Credit was issued as additional security for

obligations that GOE Lima LLC, *aka* Greater Ohio Ethanol ("GOE"), undertook on a Grain Origination Agreement with Third-Party Plaintiff.

2.      GOE filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Toledo Division, on or about October 14, 2008.

3.      Third-Party Plaintiff continued to make deliveries to GOE under the Grain Origination Agreement subsequent to the filing of GOE's bankruptcy petition.  Third-Party Plaintiff received deposits in the amount of at least $800,000 prior to making post-petition deliveries of corn to GOE.

4.      GOE and the Third-Party Defendants demanded that Third-Party Plaintiff return the deposits to GOE and stated that it would be necessary for Third-Party Plaintiff to make draws on the SVB Letter of Credit for the payment of post-petition deliveries of grain.  GOE demanded, and the Third-Party Defendants sought to have Third-Party Plaintiff comply with GOE's demand, that Third-Party Plaintiff draw on the SVB Letter of Credit for all future corn deliveries during the pendency of the bankruptcy case.

5.      As an inducement for Third-Party Plaintiff to return the deposits, Third Party Defendant SunTrust Bank ("SunTrust") agreed to issue a letter of credit for the benefit of Third-Party Plaintiff as additional security to the SVB Letter of credit.

6.      On October 28, 2008, Third-Party Plaintiff entered into an Agreement for Assignment of Claims and Proceeds Under Letter of Credit ("Agreement") with SunTrust.  *See* Agreement attached hereto as Exhibit A.

7.      SunTrust signed the Agreement on behalf of itself and as agent of fellow Third-Party Defendants Farm Credit Bank of Texas, ING USA Annuity and Life Insurance

Company, ING Life Insurance and Annuity Company, Mass Mutual Life Insurance Company, Babson Mid-Market CLO, Ltd. 2007-II, Allied Irish Banks, P.L.C., and Erste Group Bank Ag (collectively referred to as "DIP Lenders"). Each of the DIP Lenders signed the Agreement and agreed to indemnify Third-Party Plaintiff from any loss or liability related to returning the deposits to GOE.

8.      Third-Party Plaintiff returned the deposits made by GOE to GOE pursuant to and in reasonable reliance on the directions of GOE and the Third-Party Defendants.

9.      Section 6 of the Agreement requires SunTrust and each of the DIP Lenders to indemnify Third-Party Plaintiff against any losses, liabilities, claims, and damages incurred by Third-Party Plaintiff in connection with any lawsuit asserted by Paladin Homeland Security Holdings, LLC ("Paladin") that may stem from an honored draw made under the SVB Letter of Credit.

10.     Section 6 of the Agreement required Third-Party Plaintiff to immediately notify SunTrust of any court action Paladin initiated on the SVB Letter of Credit.

11.     As part of the Agreement, SunTrust had the sole right to defend any claim, suit, or action brought against Third-Party Plaintiff related to the SVB Letter of Credit.

12.     On October 7, 2010, Paladin initiated a lawsuit against Third-Party Plaintiff seeking restitution of various draws Third-Party Plaintiff made on the SVB Letter of Credit.

13.     On or about November 4, 2010, Third-Party Plaintiff, through its counsel, notified SunTrust of the lawsuit Paladin initiated against it and requested indemnification pursuant to the terms of the Agreement. *See* November 10, 2010, letter attached hereto as Exhibit B.

14.     On or about November 17, 2010, SunTrust notified Third-Party Plaintiff that it did not believe the indemnity provisions of the Agreement applied to the circumstances of the Paladin lawsuit. As such, SunTrust did not believe it had any obligation to indemnify Third-Party Plaintiff for the lawsuit. *See* November 17, 2010, letter attached hereto as Exhibit C.

## COUNT ONE

### (BREACH OF CONTRACT)

15.     Third-Party Plaintiff restates each of the foregoing paragraphs 1 through 14 as if fully rewritten herein.

16.     Section 6 of the Agreement required SunTrust and the DIP Lenders to indemnify Third-Party Plaintiffs for all claims that may be asserted for draws made on the SVB Letter of Credit.

17.     Third-Party Plaintiff, as the drawing beneficiary of the SVB Letter of Credit, made and received honored draws as defined in the Agreement.

18.     The November 17, 2010, refusal of SunTrust and the DIP Lenders to undertake Third-Party Plaintiff's defense in the Paladin lawsuit constitutes a breach of the October 28, 2008, Agreement.

19.     As a result of SunTrust and the DIP Lenders failure to indemnify Third-Party Plaintiff in the Paladin case, Third-Party Plaintiff will incur substantial costs related to the litigation of this matter, in addition to any damages a jury may award at the trial of the merits.

## COUNT TWO

### (INDEMNIFICATION)

20.     Third-Party Plaintiff restates each of the foregoing paragraphs 1 through 19 as if fully rewritten herein.

21.     Section 6 of the Agreement requires SunTrust and the DIP Lenders to indemnify Third-Party Plaintiff for all claims related to draws made on the SVB Letter of Credit.

22.     Third-Party Plaintiff, as the drawing beneficiary of the SVB Letter of Credit, made and received honored draws as defined in the Agreement.

23.     Third-Party Plaintiff relied on the indemnification provision of the Agreement when it returned the deposits to GOE.

24.     On October 7, 2010, Paladin brought suit in the United States District Court for the Northern District of Ohio, Western Division, entitled *Paladin Homeland Security Holdings, LLC vs. FGDI , LLC*. The central dispute in the lawsuit relate to draws Third-Party Plaintiff made on the SVB Letter of Credit

25.      Third-Party Plaintiff seeks indemnification from SunTrust and the DIP Lenders in regards to all damages that may be sustained as a result of the Paladin lawsuit pursuant to Section 6 of the Agreement.

## COUNT THREE

### (COMMON LAW INDEMNIFICATION)

26.     Third-Party Plaintiff restates each of the foregoing paragraphs 1 through 25 as if fully rewritten herein.

27.     Third-Party Plaintiff in returning deposits to GOE acted pursuant to the directions of the Third-Party Defendants and reasonably believed the directions to be lawful.

13

28.     Third-Party Plaintiff relied upon the representations of the Third-Party Defendants in returning the deposits to GOE and in making draws on the SVP Letter of Credit.

29.     Third-Party Plaintiff seeks indemnification from Third-Party Defendants in regards to all damages that may be sustained as a result of the Paladin lawsuit.


        **WHEREFORE**, Defendant Agrex, Inc., *dba* FGDI, respectfully requests the following:

1)      Plaintiff's Complaint be dismissed with prejudice;

2)      Defendant/Third-Party Plaintiff be awarded attorney fees and costs;

3)      Defendant /Third-Party Plaintiff respectfully requests judgment on its Third-Party Complaint against SunTrust and the DIP Lenders for all damages it may sustain in this matter including, but not limited to attorney fees and court costs associated with the litigation;

4)      Defendant/Third-Party Plaintiff requests indemnification from Sunset and the DIP Lenders for all damages that may later be awarded to Plaintiff Paladin Homeland Security Holdings, LLC; and

5)      Such other relief that the Court deems just and equitable given the circumstances of this case.

14

Respectfully submitted,

__/s/David C. Barrett, Jr.____
By: DAVID C. BARRETT, JR. (0017273)
Trial Attorney
E-Mail: dbarrett@ohiocounsel.com
**BARRETT, EASTERDAY,**
**CUNNINGHAM & ESELGROTH LLP**
7269 Sawmill Road, Suite 100
Dublin, Ohio 43016
Telephone: 614-210-1840
Facsimile: 614-210-1841
Attorneys for Defendant/Third-Party Plaintiff
Agrex, Inc., *dba* FGDI

## CERTIFICATE OF SERVICE

This is to certify that a true copy of Defendant's Answer and Third-Party

Complaint has been filed electronically this 4th day of December, 2010, and served

through the Court's ECF System upon the following:

Roger Sugarman, Esq.
Katherine C. Ferguson, Esq.
Kegler, Brown, Hill & Ritter
65 East State Street, Suite 1800
Columbus, Ohio 43215
Attorney for Plaintiff

__/s/David C. Barrett, Jr.____
DAVID C. BARRETT, JR.
Attorney for Defendant/ Third Party
Plaintiff