## AGREEMENT FOR ASSIGNMENT OF CLAIMS AND PROCEEDS UNDER LETTER OF CREDIT

THIS AGREEMENT FOR ASSIGNMENT OF CLAIMS AND PROCEEDS UNDER LETTER OF CREDIT ("Agreement") is made as of October __, 2008, by and among **FGDI, LLC,** a Delaware limited liability company (hereinafter referred to as "Assignor"), **SUNTRUST BANK,** a Georgia banking corporation, (hereinafter referred to as "Assignee") in its capacity as agent for each of the lenders signatory hereto (the "DIP Lenders") and each of the DIP Lenders. All capitalized, undefined terms used herein shall have the same meanings as used in that certain Standby Letter of Credit Agreement and Application, between GOE Lima, LLC ("GOE") and Assignee (the "Reimbursement Agreement") and that certain Irrevocable Letter of Credit No. F95131 dated as of October 28, 2008, issued by Assignee in favor of Assignor (the "Letter of Credit").

## W I T N E S S E T H:

WHEREAS, Assignor is a party to that certain Grain Origination Agreement, dated as of July 29, 2008, between Assignor and GOE (the "Grain Contract");

WHEREAS, Assignor is the beneficiary under that certain Irrevocable Standby Letter of Credit No. SVBSF005418 in the original face amount of $2,000,000 (the "SVB Letter of Credit") issued by Silicon Valley Bank as issuer (the "SVB"); which SVB Letter of Credit was issued as additional security for the obligations of GOE under the Grain Contract;

WHEREAS, GOE filed for protection under Chapter 11 of the United States Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Ohio, Toledo Division, on or about October 14, 2008;

WHEREAS, Assignor has continued to make deliveries to GOE subsequent to the filing of the GOE bankruptcy proceeding (the "Past Post-Petition Deliveries"), after receiving deposits from GOE in connection with such deliveries in the approximate amount of $800,000.00 (the "Deposits");

WHEREAS, GOE wishes Assignor to (i) return the Deposits to GOE; (ii) make draws on the SVB Letter of Credit for payment of the Past Post-Petition Deliveries; and (iii) make draws on the SVB Letter of Credit for all future deliveries made by Assignor to GOE during the pendency of its bankruptcy case (the "Future Post-Petition Deliveries"), which actions shall hereinafter be referred to as the "Requested Activity;"

WHEREAS, as an inducement for Assignor to engaged in the Requested Activity, Assignee has agreed to issue the Letter of Credit for the benefit of the Assignor as additional security and to backstop the SVB Letter of Credit pursuant to the terms of that certain Line of

Credit Note, dated as of October 17, 2008, among GOE, the DIP Lenders and Assignee as agent to the Lenders (as amended from time to time, the "Line of Credit Note");

**WHEREAS**, as an additional inducement for Assignor to engage in the Requested Activity, the DIP Lenders have agreed to indemnify Assignor from loss or liability in connection with the Requested Activity, subject to the terms and conditions set forth herein; and

**WHEREAS**, in consideration thereof, Assignor has agreed to assign to Assignee all of its right, title and interest in and to the Assigned Interests (as defined below).

NOW, THEREFORE, IN CONSIDERATION OF THE MUTUAL COVENANTS CONTAINED HEREIN, IT IS ACCORDINGLY AGREED AS FOLLOWS:

Section 1. Assignor hereby grants, transfers and assigns to Assignee, its successors and assigns, all of the right, title and interest of Assignor in and to (i) any claims or causes of action held by Assignor against SVB for the payment of all sums now or at any time hereafter due to Assignor under the SVB Letter of Credit, and (ii) all proceeds and other letter of credit rights of the Assignor under the SVB Letter of Credit (collectively, the "Assigned Interests"). Notwithstanding anything to the contrary, nothing herein shall be deemed to assign Assignor's right to draw on the SVB Letter of Credit and receive the proceeds of such draw.

Section 2. Assignor represents and warrants that:

(a) There is no assignment of any Assignor's rights under any of the Assigned Interest to any other person.

(b) Assignor has full right, power and authority to assign its rights in the Assigned Interests without the consent of any party thereto or any other person.

(c) Assignor has not done or omitted to do any act so as to be estopped from exercising any of its rights under any of the Assigned Interests.

(d) Assignor is not prohibited under any agreement with any other person or under any judgment or decree from the execution and delivery of this assignment or the performance of each and every covenant of Assignor hereunder or in the Assigned Interests.

Section 2. Assignor agrees and covenants unto Assignee as follows:

(a) Assignor will (i) fulfill, perform and observe each and every condition and covenant of Assignor contained in SVB Letter of Credit; and (ii) give prompt notice to Assignee of any claim of default or dishonor under the SVB Letter of Credit given to Assignor, together with a complete copy or statement of any information submitted or referenced in support of such claim.

(b) Assignor will not, without Assignee's prior consent, (i) materially modify the terms of the SVB Letter of Credit or (ii) waive, or release any person from the observance or performance of any obligation to be performed under the terms of the SVB Letter of Credit or liability on account of any warranty given by them.

(c) The rights assigned hereunder include all of Assignor's right and title (i) to modify the SVB Letter of Credit; and (ii) and to waive, or release the performance or observance of any obligation or condition of the SVB Letter of Credit.

Section 3. Should Assignor fail to perform or observe any covenant or comply with any condition contained in any of the Assigned Interests, then Assignee, but without obligation to do so, without notice to or demand on Assignor, and without releasing Assignor from its obligations to do so, may perform such covenant or condition. Assignee shall provide notice to the Assignor of any action taken with respect to this Section 3 prior to taking such action; provided however, (1) neither the failure to give such notice, nor any defect in such notice shall affect the validity of any such action taken by the Assignee and (2) Assignee shall have no liability whatsoever for failure to provide such notice or any defect in such notice.

Section 4. Assignor hereby irrevocably constitutes and appoints Assignee (and all officers, employees or agents designated by Assignee), with full power of substitution, as Assignor's true and lawful attorney-in-fact with full irrevocable power and authority in the place and stead of Assignor and in the name of Assignor or in its own name, from time to time in Assignee's discretion, to take any and all appropriate action and to execute and deliver any and all documents and instruments which may be necessary or desirable to accomplish the purposes of this Agreement and the SVB Letter of Credit and, without limiting the generality of the foregoing, Assignor hereby grants to Assignee the power and right, on behalf of Assignor, without notice to or assent by Assignor, and at any time, to do the following: (a) defend any suit, action or proceeding brought against Assignor in connection with the SVB Letter of Credit; (b) file or prosecute any claim, litigation, suit or proceeding in any court of competent jurisdiction or before any arbitrator, or take any other action otherwise deemed appropriate by Assignee for the purpose of collecting any and all such moneys due to Assignor under the SVB Letter of Credit whenever payable and to enforce any other right in respect of Assignor's rights under the SVB Letter of Credit; and (c) communicate in its own name with any party to the SVB Letter of Credit with regard to the assignment of the right, title and interest of Assignor in and under the SVB Letter of Credit and other matters relating thereto. Assignor hereby ratifies, to the extent permitted by law, all that said Assignee shall lawfully do or cause to be done by virtue hereof. No person to whom this Agreement is presented, as authority for Assignee to take any action or actions contemplated hereby, shall be required to inquire into or seek confirmation from Assignor as to the authority of Assignee to take any action described below, or as to the existence of or fulfillment of any condition to this Agreement, which is intended to grant to Assignee unconditionally the authority to take and perform the actions contemplated herein, and Assignor irrevocable waives any right to commence any suit or action, in law or equity, against any person or entity which acts in reliance upon or acknowledges the authority granted under this Power of Assignee. The power of attorney granted hereby is coupled with an interest, and may not be revoked or canceled by Assignor without Assignee's written consent.

Section 5.  The remedies herein provided shall be in addition to and not in substitution for the rights and remedies which would otherwise be vested in Assignee in any of the Security Instruments or in law or in equity, all of which rights and remedies are specifically reserved by Assignee. The remedies herein provided or otherwise available to Assignee shall be cumulative and may be exercised concurrently. The failure to exercise any of the remedies herein provided shall not constitute a waiver thereof, nor shall the use of any of the remedies hereby provided prevent the subsequent or concurrent resort to any other remedy or remedies. It is intended that this clause shall be broadly construed so that all remedies herein provided for or otherwise available to Assignee until all sums due it by reason of this Agreement have been paid to it in full and all obligations incurred by it in connection with the construction or operation of the contemplated improvements on the premises have been fully discharged without loss or damage to Assignee.

Section 6.  Each of the DIP Lenders, jointly in proportion to their pro rata share of the Commitments (as defined in the Line of Credit Note) under the Line of Credit Note shall indemnify the Assignor against any losses, liabilities, claims, and damages (collectively, "Losses") incurred by Assignor and its officers, employees and agents in connection with any claim, suit, action or proceeding asserted by SVB or by Paladin Homeland Securities Holdings, L.L.C. against Assignor and its officers, employees and agents arising out of, in connection with or as a result of any honored draw under the SVB Letter of Credit where Assignor complied with each of the conditions set forth on Exhibit A hereto when such draw was made (an "Honored Draw") and which SVB subsequently claims should not have been honored; provided, that the DIP Lenders shall not be obligated to indemnify the Assignor for any legal costs or expenses incurred in connection with the foregoing, including without limitation, fees and disbursements of any counsel for the Assignor if the Assignee has assumed the defense of such claim, suit, action or proceeding, and if the DIP Lenders have refunded the amount of the Honored Draw that is the subject of such claim, suit, action or proceeding; provided, further, that the DIP Lenders shall not be obligated to indemnify the Assignor for any of the foregoing Losses arising out of (x) Assignor's gross negligence or willful misconduct as determined by a court of competent jurisdiction in a final and nonappealable judgment or (y) the failure by Assignor to comply with the terms of the following two sentences of this Section 6. Immediately upon knowledge of any claim, suit, action or proceeding made by SVB or by Paladin Homeland Securities Holdings, L.L.C. against Assignor, Assignor shall provide notice to Assignee thereof and hereby consents that Assignee shall have the sole right to defend any such claim, suit, action or proceeding with all of the powers granted to Assignee pursuant to Section 4 above. Assignor agrees to cooperate with Assignee in the defense of such claims, suits, actions or proceedings, including executing any additional documents necessary to allow Assignee to conduct such defense. Notwithstanding any other provision of this Agreement to the contrary, the DIP Lenders agree that the mere fact that draws are made by Assignor on the SVB Letter of Credit with respect to Past Post-Petition Deliveries and Future Post-Petition Deliveries shall not under any circumstance entitle the DIP Lenders to claim that such draws constitute gross negligence or willful misconduct on Assignor's part.

Section 7.  This Agreement shall be construed in accordance with and governed by the laws of the State of New York.

Section 8. This Agreement may be executed by one or more of the parties hereto in any number of separate counterparts, each of which shall be deemed an original and all of which, taken together, shall be deemed to constitute one and the same instrument. Delivery of an executed counterpart of this Agreement by facsimile transmission or by electronic mail in PDF form shall be as effective as delivery of a manually executed counterpart hereof.

Section 9. This Agreement shall be binding upon and inure to the benefit of the parties hereto, their respective successors, successors-in-titles, and assigns.

Section 10. This Agreement sets forth the entire understanding of the parties with respect to the matters set forth herein, and shall supersede any prior negotiations or agreements, whether written or oral, with respect thereto.

[Remainder of page intentionally left blank]

**IN WITNESS WHEREOF,** the undersigned have caused this Agreement to be executed by its authorized officers and its seal affixed, all as of the day and year first above written.

ASSIGNOR:

**FGDI, LLC,** a Delaware limited liability company

By: _____
    Name:
    Title:

ASSIGNEE AND DIP LENDERS:

**SUNTRUST BANK,** a Georgia banking corporation, as Assignee and as a DIP Lender

By: _____
    Name: Janet R. Naifeh
    Title: SVP

**FARM CREDIT BANK OF TEXAS**

By: _____
Name:
Title:

**ING USA ANNUITY AND LIFE INSURANCE COMPANY**

By: ING Investment Management LLC, as Agent

By: _____
Name:
Title:

**IN WITNESS WHEREOF,** the undersigned have caused this Agreement to be executed by its authorized officers and its seal affixed, all as of the day and year first above written.

ASSIGNOR:

**FGDI, LLC,** a Delaware limited liability company

By: _____
    Name:
    Title:

ASSIGNEE AND DIP LENDERS:

**SUNTRUST BANK,** a Georgia banking corporation, as Assignee and as a DIP Lender


By_____
    Name:
    Title:

**FARM CREDIT BANK OF TEXAS**

By: *[signature]*
Name: Alan Robinson
Title: Vice President

**ING USA ANNUITY AND LIFE INSURANCE COMPANY**

By: ING Investment Management LLC, as Agent

By: _____
Name:
Title:

**IN WITNESS WHEREOF,** the undersigned have caused this Agreement to be executed by its authorized officers and its seal affixed, all as of the day and year first above written.

ASSIGNOR:

**FGDI, LLC,** a Delaware limited liability company

By: _____
    Name:
    Title:

ASSIGNEE AND DIP LENDERS:

**SUNTRUST BANK,** a Georgia banking corporation, as Assignee and as a DIP Lender

By_____
    Name:
    Title:

**FARM CREDIT BANK OF TEXAS**

By: _____
Name:
Title:

**ING USA ANNUITY AND LIFE INSURANCE COMPANY**

By: ING Investment Management LLC, as Agent

By: _____
Name: Christopher P. Lyons
Title: Senior Vice President

ING LIFE INSURANCE AND ANNUITY COMPANY,

By: ING Investment Management LLC, as Agent

By: *[signature]*
Name: Christopher P. Lyons
Title: Senior Vice President

MASS MUTUAL LIFE INSURANCE COMPANY

By: Babson Capital Management LLC, as Investment Advisor


By: _____
Name:
Title:


BABSON MID-MARKET CLO, LTD. 2007-II

By: Babson Capital Management LLC
as Collateral Manager


By: _____
Name:
Title:

**ING LIFE INSURANCE AND ANNUITY COMPANY,**

By: ING Investment Management LLC, as Agent

By: _____
Name:
Title:

**MASS MUTUAL LIFE INSURANCE COMPANY**

By: Babson Capital Management LLC, as Investment Advisor

By: *[signature]*
Name: Art McMahon
Title: Director

**BABSON MID-MARKET CLO, LTD. 2007-II**

By: Babson Capital Management LLC as Collateral Manager

By: *[signature]*
Name: Art McMahon
Title: Director

**ALLIED IRISH BANKS, P.L.C.**

By: _____
Name: Robert F. Moyle
Title: Senior Vice President

By: _____
Name: Aidan Lanigan
Title: Vice President

**ERSTE GROUP BANK AG**

By: _____
Name:
Title:

By: _____
Name:
Title:

**ALLIED IRISH BANKS, P.L.C.**

By: _____
Name:
Title:


By: _____
Name:
Title:

**ERSTE GROUP BANK AG**

By: *[signature]* _____
Name: Robert Suehnholz
Title: Executive Director


By: *[signature]* _____
Name: Patrick W. Kunkel
Title: Director

Exhibit A
Draw Conditions

(1) The draw request under the SVB Letter of Credit was submitted prior to the Expiration Date (as defined in the SVB Letter of Credit).

(2) Such draw request was manually signed by an authorized officer of Beneficiary (who was identified as such officer) and was appropriately completed in the form of Annex 1 to the SVB Letter of Credit.

(3) Such draw request was accompanied by the following documents (the draw request along with the documents set forth below being the "Required Draw Documents"):

 (a) The original SVB Letter of Credit and all amendments, if any;
 (b) A duly executed sight draft in the form of Exhibit A to the SVB Letter of Credit;
 (c) A signed and dated certificate from the Beneficiary in the form of Annex 1 to the SVB Letter of Credit; and
 (d) Copies of the Invoices marked "Unpaid."

(4) The Required Draw Documents were made by presentation by overnight delivery service on a business day at Silicon Valley Bank, 3003 Tasman Drive, Santa Clara, CA 95054, Attention Standby Letter of Credit Negotiation Section or by facsimile transmission at: 408-654-6211 or 408-496-2418; and simultaneously under telephone advice to 408-654-7120 or 408-654-6349, with originals to follow by overnight courier service.

STATE OF  OHIO

COUNTY OF  WOOD

On this 28th day of October, 2008, JEAN BRATTON who is personally known to me appeared before me in his/her capacity as the VP & CFO of FGDI, LLC ("Assignor") and executed on behalf of Assignor the Agreement to which this Certificate is attached.

{Notary Seal must be affixed}

_____
Signature of Notary

DONALD EUGENE FINN
Name of Notary (Typed, Printed or Stamped)

My Commission Expires (if not legible on seal): 5/22/2013

9

**IN WITNESS WHEREOF,** the undersigned have caused this Agreement to be executed by its authorized officers and its seal affixed, all as of the day and year first above written.

<u>ASSIGNOR:</u>

**FGDI, LLC,** a Delaware limited liability company

By /s/ Jean Bratton
  Name: Jean Bratton
  Title: VP & CFO – FGDI, LLC

<u>ASSIGNEE AND DIP LENDERS:</u>

**SUNTRUST BANK,** a Georgia banking corporation, as Assignee and as a DIP Lender

By_____
  Name:
  Title:

**FARM CREDIT BANK OF TEXAS**

By: _____
Name:
Title:

**ING USA ANNUITY AND LIFE INSURANCE COMPANY**

By: ING Investment Management LLC, as Agent

By: _____
Name:
Title: