# KING & SPALDING

King & Spalding LLP
1100 Louisiana, Suite 4000
Houston, TX 77002-5213
Tel: (713) 751-3200
Fax: (713) 751-3290
www.kslaw.com

Edward L. Ripley
Direct Dial: 713-276-7351
eripley@kslaw.com

November 17, 2010

David C. Barrett, Jr., Esq.
Barrett, Easterly, Cunningham
& Eselgroth LLP
7269 Sawmill Road, Suite 100
Dublin, Ohio 43016

VIA EMAIL dbarrett@ohiocounsel.com
AND FIRST CLASS UNITED STATES
MAIL

Re: GOE

Dear Mr. Barrett:

This firm represents SunTrust, as agent for the DIP Lenders and the Senior Secured Lenders (the "Lenders") in connection with the GOE bankruptcy proceedings in Toledo, Ohio. Our local counsel at Roetzel & Andress forwarded your recent communication regarding a lawsuit filed by Paladin Homeland Security Holdings LLC against FGDI, LLC in United States District Court for the Northern District of Ohio, Western Division (Toledo) (the "Paladin Complaint"), which included a copy of the Paladin Complaint.

We understand that FGDI has made demand for indemnification against the Lenders with respect to the Paladin Complaint under that certain Agreement for Assignment of Claims and Proceeds Under Letter of Credit (the "L/C Agreement") dated October 2008. Section 6 of the L/C Agreement provides for indemnification only for claims arising out of, connected with or as a result of any honored draw under the SVB Letter of Credit "where Assignor complied with each of the conditions set forth on Exhibit A hereto when such draw was made (an "Honored Draw") and which SVB subsequently claims should not have been honored."

As you may know, FGDI was the beneficiary of an existing letter of credit issued by Silicon Valley Bank (SVB) which secured certain obligations owed to FGDI by GOE Lima, LLC. FGDI raised concerns that SVB might, after honoring a presentment on that letter of credit, later claim that the draw request should not have been honored and seek such funds back from FGDI. The L/C Agreement was part of a court approved DIP financing transaction pursuant to which the Lenders provided a back-to-back letter of credit to FGDI for the benefit of GOE Lima, LLC. Importantly, SVB did honor FGDI's presentment on the SVB letter of credit. FGDI, in turn, released the back-to-back letter of credit from the Lenders. To our knowledge, SVB has made no subsequent claim that its prior letter of credit in favor of FGDI should not have been honored. As a result, the indemnity conditions under the L/C Agreement have not been met. Neither SunTrust, as agent, nor the Lenders has any obligation to provide any

David C. Barrett, Jr.
November 16, 2010
Page 2

indemnity to FGDI pursuant to the L/C Agreement including without limitation Section 6 thereof.

Furthermore, any claims that FGDI did have against SunTrust, as agent, and the Lenders under the L/C Agreement or otherwise relating to GOE Lima, LLC were released pursuant to various orders entered by the Bankruptcy Court in the GOE Lima, LLC bankruptcy case, including, without limitation, the Order confirming the First Amended Plan of Liquidation dated July 8, 2010. That confirmed plan became effective on September 16, 2010.

I would be happy to discuss this matter further should you desire.

Very truly yours,

Edward L. Ripley

cc: Sarah Robinson Borders, Esq.
 Ms. Jan Naifeh

ATL_IMANAGE-7587148.2